IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO.  15 B 34702 |
| Maciej Slomba | Judge A. Benjamin Goldgar |
| Debtors | Chapter 13 |

OBJECTION TO CONFIRMATION

Now comes ABBOTT LABORATORIES EMPLOYEES CREDIT UNION, a creditor herein, by SHERMAN & PURCELL LLP, its attorneys, and for its objection to confirmation of the debtor's proposed Chapter 13 plan respectfully represents as follows:

1. That Abbott Laboratories Employees Credit Union is the creditor of the Debtors with respect to a debt secured by a mortgage on property commonly known as 90 East Franklin Place, Unit 210, Lake Forest, Illinois.  The debtors had a previous chapter 7 bankruptcy case, 14 B 02802 and they received a discharge on April 30, 2014.

2.  That as a result of the prior chapter 7 filing and subsequent discharge, the debtors are not eligible to receive a discharge in the current chapter 13 case pursuant to §1328 (f)(1)[1] of the Bankruptcy Code.  The plan should clearly provide that the debtors will not receive a discharge through this case, including as a result of successfully completing this plan.

3. The debtors proposed plan attempts to treat the claim of Abbott Laboratories Employees Credit Union as fully unsecured and Abbott Laboratories Employees Credit Union objects to the plan.

---

[1] This reference to a section refers to the Bankruptcy Code and all references to sections in this objection shall as well unless otherwise specified.

4. The debtors have failed to bring an adversary proceeding and therefore do not have the subject matter jurisdiction necessary to avoid the lien of Abbott Laboratories Employees Credit Union

5. That it appears that the value of the property is sufficient to support at least a part of the second mortgage and the plan fails to provide for our secured claim.

6. In the alternative, if it were determined there was no equity to support a part of the second mortgage then and in that event the plan still cannot strip off our lien. A holder of a secured claim is entitled to retain the lien securing such claim until the earlier of the payment of the underlying debt determined by non-bankruptcy law; or discharge under §1328 pursuant to §1325 (a)(5)(B). Since the appropriate timing for stripping off a lien is when one of the two aforementioned options occurs, and the debtor that cannot receive a discharge is not satisfying the debt as determined by non-bankruptcy law, the lien cannot be stripped.

7. In a recent case in the Northern District of Illinois, the court found that the stripping off of a wholly unsecured junior mortgage lien upon discharge after completing the plan. See *In re Fenn*, 428 B.R. 494; 2010 Bankr.Lexis 1512; 64 Collier Bankr. Cas 2d (MB) 329.

8. In another recent case in the Northern District of Illinois, the court found in the *Erdmann* case at one of the debtors was not eligible for a discharge, and as a result he could not strip his lien. See In re Erdmann, 446 B.R. 861; 2011 Bankr. Lexis 845.[2]

9. Additionally, there is additional support from the courts in the Central District of Illinois that have held that a condition to stripping off a lien is to receive a discharge after completing the plan. *In re Jarvis*, 390 B.R. at 607; *In re Lilly*, 378 B.R. at 236; *In re King*, 290 B.R. at 651.

10. The debtors are attempting to accomplish through two bankruptcy's a result they could not have obtained in either chapter 7, nor chapter 13.

11.     For all the foregoing reasons, it appears that the petition for relief was not filed in good faith, nor was the plan proposed in good faith. "Good faith under a chapter 13 depends on the totality of the circumstances, and we have enumerated a number of those circumstances of which the most fundamental and encompassing is whether the debtor has dealt fairly with his creditors." *In re Schaitz*, 913 F.2d 542, 543; (U.S. Court of Appeals for the Seventh Circuit, 1990) citing In re Smith, 848 F.2d 813, 817 (7th Cir. 1988); *In re Rimgale*, 669 B.R. 426, 432-33 (7th Cir. 1982). The Seventh Circuit also listed some of the factors that are relevant to assessing good faith including, but not limited to length of the plan, income and expenses, attorneys' fees, debtor's motive in seeking Chapter 13 relief, circumstances under which the debts were incurred etc. *Rimgale* at 430.

12.    "The debtor has the burden of proving that its proposed plan is confirmable. *Matter of Wolff, 22 B.R. 510, 512 (9th Cir. BAP 1982); In re Moore, 319 B.R. 504, 515 (Bankr. S.D. Tex 2005); In re Hogue, 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987).* In the face of what appear to be valid Complaints, see e.g., *In re Brown, 339 B.R. 818, 821 (Bankr. S.D. Ga. 2006); [*3] In re Murray, 346 B.R. 237 (Bankr. M.D. Ga 2006); In re Sparks, 346 B.R. 767 (Bankr. D.D. Ohio 2006); In re Wampler, 45 B.R. 730 (Bankr. D. Kan. 2006); In re Bufford, 343 B.R. 827 (Bankr. N.D. Tex 2006).*

WHEREFORE, ABBOTT LABORATORIES EMPLOYEES CREDIT UNION prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan, for entry of an Order dismissing this Chapter 13 case, and for such other and further relief as this Court may deem just and equitable.

---

[2] In the Erdmann case, since Alexander Erdmann was not eligible for a discharge and could not strip the lien, and because

ABBOTT LABORATORIES EMPLOYEES CREDIT UNION

Christopher H. Purcell
Sherman & Purcell LLP  BY: _____/s/ Christopher H. Purcell_____
120 South La Salle Street  One of its Attorneys
Chicago, Illinois 60603
Phone: (312) 372-1487

CERTIFICATE OF SERVICE

    I, the above signed attorney, certify that on November 2, 2015, I electronically filed the foregoing Objection to Confirmation with the Clerk of the Court using the ECF system which sends notifications of such filing to the following:

    Charles Magerski, Attorney for the Debtor

    Glenn Stearns, Chapter 13 Trustee

---

the property was held as a tenancy by the entirety, neither debtor could strip the lien since they could not act as one.